## No. 2728.

### George Carroll *v.* The State.

1. **Assault.**—To constitute an assault under the law of this State there must be the use of some unlawful violence upon the person of another, with intent to injure him or her, or some threatening gesture, showing in itself or by words accompanying it an immediate intention to commit a battery.

2. **Assault to Rape** is constituted by the existence of facts which bring the offense within the definition of an assault, coupled with an intention to commit rape; and such an assault can only be committed by means of force or attempted force.

3. **Same—Fact Case.**—See the opinion and the statement of the case for evidence *held* insufficient to support a conviction for assault with intent to commit rape, because insufficient to show the use of force or attempted force.

Appeal from the District Court of Freestone. Tried below before the Hon. Sam R. Frost.

The conviction in this case was for an assault with intent to rape Mrs. Bettie Livingstone, and the penalty assessed was a term of two years in the penitentiary.

Mrs. Livingstone testified, for the State, in substance, that, between three and four o'clock on the morning alleged in the indictment, she was awakened by the sound of some one step-

ping across the floor of her room. She stretched her hand out and touched some one, who called to her, "Miss Bettie." The witness then screamed, and the person fled through the front door, closing it. Witness then called to a neighbor, Mrs. Calvery, who soon came. Witness did not see the person who entered her room, but thought that she recognized the voice of the defendant, with which she was familiar. Defendant was the only male acquaintance of the witness who called her "Miss Bettie." The person who entered witness's house did not touch witness.

The third witness for the State testified that he left the town of Oakwoods late on the day before the alleged outrage to go to his home near Mrs. Livingstone's residence. The defendant was on the road and was too drunk to ride his horse, and witness placed him in his own buggy and took defendant to his, witness's, brother's house, and left him in the buggy. Afterward witness told him that his horse was hitched near by, and that when he had sufficiently slept off his drunkenness he had better go home. About three o'clock in the morning the defendant got up and rode off. Soon after he left, witness heard screaming in the direction of Mrs. Livingstone's, but paid no attention to it, thinking that some negro was whipping his wife. On the morrow he heard what had transpired at Mrs. Livingstone's. With other witnesses he took the trail of the defendant's horse and followed it to a point where the rider dismounted and took off his shoes and socks. Thence he followed the barefoot track to Mrs. Livingstone's house, and back in a roundabout direction to the horse, and trailed the horse tracks from that point, in a roundabout direction, to or near the defendant's. Two other witnesses testified substantially the same with regard to the tracks of the horse and the barefooted tracks of the man.

The defense offered no evidence, but in the motion for new trial raised the questions discussed in the opinion.

*Bell & Steele*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. An assault with intent to commit rape is constituted by the existence of facts which bring the offense within the definition of an assault, coupled with an intention to commit rape. (Penal Code, art. 506.)

To constitute an assault there must be the use of some unlawful violence upon the person of another, with intent to injure him or her, or some threatening gesture showing itself, or by words accompanying it, an immediate intention to commit a battery. (Penal Code, art. 484; Jones v. The State, 18 Texas Ct. App., 485.)

Assault with intent to commit rape can only be committed by means of *force* or attempted force. (Burney v. The State, 21 Texas Ct. App., 565; Taylor v. The State, 22 Texas Ct. App., 529; Milton v. The State, 23 Texas Ct. App., 204.) There must be some sort of *force* or attempted force used, or the offense is not made out.

In Dibrell's case the defendant was pulling the bed clothes off the injured female when she awoke and gave the alarm, and this court held in that case that the force was sufficiently proven. (3 Texas Ct. App., 74.) In Johnson's case (18 Texas Ct. App., 565), the evidence was held insufficient, though the prosecutrix swore defendant placed his hands upon her; and in Peterson's case (14 Texas Ct. App., 162), whilst it was held that the violence used was sufficient to constitute aggravated assault, it did not show an intent to rape. (See Hamilton v. The State, 11 Texas Ct. App., 116; also, Sandford v. The State, 12 Texas Ct. App., 196; House v. The State, 9 Texas Ct. App., 53.)

In the case before us, even if we concede that appellant was the party in Mrs. Livingstone's room when she awoke and screamed, still that does not sustain the conviction, because he used no force or attempted force, no threatening gesture, but simply called her given name, and, when she screamed, fled.

Because the facts are insufficient to establish an assault with intent to rape, the judgment is reversed and the cause remanded.

*Reversed and remanded.*